UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

NORMAN SANDERS (#197433)                                CIVIL ACTION

VERSUS

N. BURL CAIN, ET AL.                                    NO. 14-216-BAJ-RLB

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on February 9, 2016.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**NORMAN SANDERS (#197433)**                                    **CIVIL ACTION**

**VERSUS**

**N. BURL CAIN, ET AL.**                                         **NO. 14-216-BAJ-RLB**

<u>**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**</u>

Before the Court is the defendants' Motion for Partial Summary Judgment on Plaintiff's Amended Complaint (R. Doc. 31).  The Motion is opposed.  *See* R. Doc. 35.

The *pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden N. Burl Cain, Ass't Warden Cathy Fontenot, Ass't Warden Tim Delaney, Ass't Warden Kevin Benjamin, Chaplain Supervisor Robert Toney, and Chaplain Bernadine St. Cyr, complaining that the defendants have violated his federal constitutional and statutory rights by "conspiring, discriminating and retaliating against him – denying him free exercise religious rights – and equal protection – and retaliating for his use of grievance procedure and petitioning the government for redress."  *See* Rec. Doc. 1 at p. 4.

The defendants' move for summary judgment relying upon the pleadings, a Statement of Undisputed Facts, and a certified copy of the plaintiff's pertinent administrative remedy proceeding ("LSP 2014-2867").  Plaintiff Norman Sanders opposes the Motion relying upon the pleadings, a Statement of Disputed Facts, copies of First Step Response forms pertaining to administrative grievances filed by inmate Ronald Washington, and his own Declaration.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law.  Rule 56, Federal Rules of Civil Procedure.  *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).  A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact.  *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323.  If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor.  *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 248.  This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.  *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323.  Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party.  *Little v. Liquid Air Corp.*, *supra*, 37 F.3d at 1075.  In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes.  *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

In his Complaint as amended, the plaintiff alleges that since the filing of his original Complaint he was able to exhaust his administrative grievance bearing number "LSP-2014-2867." The defendants assert that the plaintiff failed to exhaust administrative remedies, as mandated by 42 U.S.C. § 1997e, relative to his claims that defendants Benjamin and Fontenot transferred him to Camp D, in August of 2014, in retaliation for his use of the prison grievance procedure. Pursuant to 42 U.S.C. § 1997e, the plaintiff was required to exhaust administrative remedies available to him at the prison prior to commencing a civil action in this Court with respect to prison conditions.[1] This provision is mandatory and applies broadly to "all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Further, a prisoner must exhaust administrative remedies by complying with applicable prison grievance procedures before filing a suit relative to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). One of the principal purposes of the administrative exhaustion requirement is to provide fair notice to prison officials of an inmate's specific complaints so as to provide "'time and opportunity to address complaints internally.'" *Johnson v. Johnson, supra*, 385 F.3d at 516, *quoting Porter v. Nussle, supra*, 534 U.S. at 525. Further, the degree of specificity necessary in a prisoner's grievance should be evaluated in light of this intended purpose. *Id.*

A review of the pertinent administrative record (R. Doc. 31-3) reflects that on September 15, 2014, the plaintiff filed an ARP alleging that defendants Benjamin and Fontenot retaliated

---

[1] 42 U.S.C. § 1997e(a) provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

against him for use of the prison grievance procedure by transferring him to Camp D in August of 2014 ("LSP-2014-2867").  The plaintiff asserted therein that on August 25, 2014 he was transferred back to the main prison from an out camp to attend vo-tech school.  The plaintiff further asserts that he was seen in the main prison by defendants Fontenot and Benjamin, and shortly thereafter he was transferred back to Camp D.

The request was backlogged due to other pending administrative grievances.  The plaintiff filed his Complaint in the present matter on or about April 7, 2014; however, his administrative remedy grievance was not denied at the first and second steps until April 28, 2015 and May 29, 2015, respectively.  Accordingly, at the time the plaintiff filed his Complaint on April 7, 2014, he had not yet received a response at either step of the two-step administrative grievance procedure.  The plaintiff failed to exhaust available administrative remedies, regarding his transfer to Camp D in August of 2014, prior to filing suit, and the plaintiff concedes the same.  As such, the defendants are entitled to summary judgment on the plaintiff's claim of retaliation pertaining to his transfer to Camp D in August of 2014.

The defendants also assert that Ronald Washington should not be added as a plaintiff in this matter.  The Magistrate Judge declines to address the defendants' contention at this time given the Court's pending Order directing Washington to pay the Court's filing fee, and advising that failure to pay the fee as ordered will result in the dismissal of his action.

## RECOMMENDATION

It is recommended that the defendants' Motion for Summary Judgment be granted as to the plaintiff's claim of retaliation pertaining to his transfer to Camp D in August of 2014, and that the claim be dismissed with prejudice.  It is further recommended that the Court decline to address the defendants' contention that Ronald Washington should not be added as a plaintiff in

this matter given the Court's pending Order directing Washington to pay the Court's filing fee, and advising that failure to pay the fee as ordered will result in the dismissal of his action.

Signed in Baton Rouge, Louisiana, on February 9, 2016.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**