UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RONALD WASHINGTON (#106426)                                      CIVIL ACTION

VERSUS

N. BURL CAIN, ET AL.                                             NO. 14-216-BAJ-RLB

**RULING**

This matter comes before the Court in connection with the Court's Order dated November 5, 2015 (R. Doc. 36), denying plaintiff Ronald Washington authorization to proceed *in forma pauperis* in this case and directing him to pay, within twenty-one (21) days, the full amount of the Court's filing fee, and the Courts' Order dated January 14, 2016 (R. Doc. 41), granting the plaintiff an additional fourteen (14) days to pay the filing fee.

On November 5, 2015, pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g), the Court determined that the plaintiff was not authorized to proceed *in forma pauperis* herein and ordered the plaintiff to pay, within 21 days, the full amount of the Court's filing fee. *See* R. Doc. 36. The plaintiff was placed on notice that a failure to comply with the Court's Order "shall result in the dismissal of the plaintiff's action without further notice from the Court." *Id.*

In accordance with 28 U.S.C. § 1915, a prisoner filing a civil action or appeal in federal court may be granted *in forma pauperis* status but is nonetheless required to pay the full amount of the Court's filing fee over time in incremental installments. However, such incremental payments are not allowed and pauper status shall be denied where the prisoner has filed, on at least three prior occasions while incarcerated, actions or appeals that have been dismissed as legally baseless. Specifically:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while

incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

In the instant case, the plaintiff has, on three or more prior occasions while incarcerated, brought actions or appeals in the federal courts that have been dismissed as frivolous or for failure to state a claim upon which relief may be granted.[1]

Accordingly, pursuant to 28 U.S.C. § 1915(g), this Court denied the plaintiff's motion to proceed *in forma pauperis* and directed him to pay the full amount of the Court's filing fee within 21 days.  The plaintiff thereafter requested an indefinite extension of time to pay the Court's filing fee, and on January 14, 2016, the Court granted the plaintiff an additional fourteen (14) days to pay.  *See* R. Docs. 37 and 41.  A review of the record by the Court reflects that the plaintiff has failed to pay the filing fee as ordered.  Accordingly,

**IT IS ORDERED** that the claims of plaintiff Ronald Washington be dismissed, without prejudice, for failure of the plaintiff to pay the Court's filing fee.  Judgment shall be entered accordingly.

Signed in Baton Rouge, Louisiana, on February 19, 2016.

BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] Cases or appeals filed by the co-plaintiff that have been dismissed by the federal courts as frivolous or for failure to state a claim include, but are not limited to, *Ronald Washington v. N. Burl Cain, et al.,* Civil Action No. 12-0505-BAJ-RLB (M.D. La.) (counting as two strikes because dismissed as frivolous by both the district and the appellate courts), *Ronald L. Washington v. Steve Prator, et al,* Civil Action No. 01-1911-DEW-RSP (W.D. La.), *Ronald L. Washington v. Don Hathaway, et al.*, Civil Action No. 98-2106-DEW-RSP (W.D. La.), and *Ronald L. Washington v. Deputy Falkenburg, et al.,* Civil Action No. 97-0115-TS-RSP (W.D. La.).