UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

NORMAN SANDERS                                                          CIVIL ACTION

VERSUS

N. BURL CAIN, ET AL.                                                    NO.: 14-00216-BAJ-RLB

RULING AND ORDER

On February 19, 2016, the Magistrate Judge recommended that "that the plaintiff's duplicative claims of retaliatory transfer to Camp C in April of 2010, the plaintiff's free exercise of religion claims concerning the refusal to allow Mormons to worship on Sundays at the main prison complex, the refusal to allow club status for Mormons, and the plaintiff's inability to congregate with fellow members of his faith or hold fund-raisers due to his transfer to Camp C, and the plaintiff's equal protection claims regarding the same be dismissed as legally frivolous pursuant to 28 U.S.C. §§ 1915(e) and 1915A. It is also recommended that the plaintiff's claims regarding his status as an inmate minister and the allegedly false disciplinary charges levied by defendant Delaney be dismissed for failure of the plaintiff to exhaust his administrative remedies as required by 42 U.S.C. § 1997e. It is further recommended that the defendants' Motions for Summary Judgment (R. Docs. 15 and 2[5]) be granted, dismissing all other claims of the plaintiff Norman Sanders asserted against the defendants with prejudice." (Doc. 48 at pp. 19—20). Plaintiff Norman Sanders ("Plaintiff") objects to the Magistrate Judge's recommendation for the reasons previously stated in his memorandum in opposition. (*See* Docs. 47, 54).

The Court, having carefully reviewed the record and the applicable law, **APPROVES** and **ADOPTS** the **Report and Recommendation (Doc. 48)** with one point of clarification. Plaintiff's "claims regarding his status as an inmate minister and the allegedly false disciplinary charges levied by defendant Delaney" are dismissed with prejudice only to Plaintiff's right to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(d). *See Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998). Put another way, Plaintiff is free to later "bring a paid complaint raising the same allegations." *See Irvine v. Fernald*, 125 F. App'x 588, 589 (5th Cir. 2005).

Accordingly,

**IT IS ORDERED** that Defendants' **Motion for Partial Summary Judgment (Doc. 15)** is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' **Motion for Partial Summary Judgment (Doc. 25)** is **GRANTED**.

**IT IS FURTHER ORDERED** that all claims raised in Plaintiff's Complaint (Doc. 1) are **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff's **Motion for Voluntary Dismissal (Doc. 55)** is **DENIED**.

Baton Rouge, Louisiana, this 28th day of March, 2016.

*(signature)*

BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA